O

### 𝔘nited 𝔖tates 𝔇istrict 𝔆ourt
### 𝔆entral 𝔇istrict 𝔒f 𝔆alifornia

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CV-05746- ODW |
| Plaintiff/Respondent , | 10 CR-01057- ODW-** |
| v. | **ORDER DENYING §2255 PETITION TO VACATE, CORRECT OR SET ASIDE SENTENCE.** |
| MATEO GOMEZ SILVESTRE-DIEGO | |
| Defendant/petitioner | |

## I.    INTRODUCTION

Following his plea of guilty to a charge of conspiracy to harbor and transport illegal aliens in violation of 8 U.S.C. § 1324 (a)(1)(A)(v)(1) Petitioner was sentenced to a high-end guidelines term of 96 months. He subsequently filed a direct appeal contending that the trial court committed sentencing error by considering "improper factors and unsubstantiated assumptions. The Ninth Circuit rejected that contention and found no clear error and affirmed his sentence.  Petitioner now brings this motion to vacate, set aside or correct his sentence based on the identical ground urged before and rejected by the Ninth Circuit.  This he cannot do, and on that basis, the motion is denied.

## II. DISCUSSION

Law of the case precludes readjudication of an issue already decided by the Court of Appeal.  Having already submitted the issue to the Court of Appeal for decision, and apparently unhappy with that decision, Petitioner now brings the identical issue to this, an inferior court, hoping for a different decision.  This he cannot do, nor can this court issue a decision which conflicts with a decision reached by a superior court. *United States v. Hayes*, 231 F. 3d 1132, 1139 (9th Cir. 2000*); United States v. Redd*, 759 F. 2d 699, 701, (9th Cir. 1985).  Aside from the danger of two courts coming to inconsistent results, there must be finality of proceedings.  Otherwise, there could be an endless series of post judgment collateral attacks on one's sentence.  This would result in an enormous and unwarranted waste of judicial resources.

Moreover, there is no merit to Petitioner's argument.  Perhaps not intentionally, Petitioner overlooks the clear language used during the sentencing hearing:  By the Court: "Don't let me forget probably the most important thing.  It appears he has engaged in this conduct before, was given what you would consider, you know, a fairly significant prison sentence, and it would appear that immediately upon release from imprisonment from a prior smuggling conviction, he has engaged in it again.  That is the biggest reason I am really looking at the high end."

Enough judicial resources have been devoted to this issue.  The issue has been decided.  The motion is **DENIED**.

**IT IS SO ORDERED.**

August 13, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

2